**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN TETREAU,

    Petitioner,

                                       CASE NO. 2:10-CV-14475

v.                                  HONORABLE MARIANNE O. BATTANI
                                    UNITED STATES DISTRICT COURT

PAUL KLEE,

    Respondent,

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS**
**CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND**
**GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Kevin Tetreau, ("Petitioner"), confined at the Central Michigan Correctional

Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  In his application, filed pro se, petitioner

challenges his conviction for operating under the influence of intoxicating liquor

(OUIL), third offense, M.C.L.A. 257.625; operating a vehicle with a suspended

license, M.C.L.A. 257.904; and being a fourth felony habitual offender, M.C.L.A.

769.12.  For the reasons stated below, the petition for writ of habeas corpus is

**DENIED.**

**I.  Background**

Petitioner was convicted of the above offenses following a jury trial in the

Huron County Circuit Court.  This Court recites verbatim the relevant facts relied

upon by the Michigan Court of Appeals, which are presumed correct on habeas

review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F. 3d 410,

413 (6th Cir. 2009):

> The evidence established that on December 4, 2004, a car belonging to defendant's ex-wife was found rolled in a ditch and defendant was found laying in the woods near the car in an intoxicated state. The arresting officer found no one else around the car. Defendant initially stated, according to officer, that he was the only one there. It was not until they arrived at the hospital that defendant blurted out, "I sure hope you guys find Dave." When questioned about Dave, defendant could only describe him as being six feet tall with black hair. Defendant could not give a last name or a location where Dave could be found. Defendant claimed at trial that he had met Dave earlier in the evening at a bar and that he had let Dave drive his ex-wife's car to Detroit while defendant rode in the passenger seat.

People v. Tetreau, No. 264365, * 1 (Mich.Ct.App. November 28, 2006).

Petitioner's conviction was affirmed on appeal. Id.; lv. den. 478 Mich. 869,

731 N.W.2d 708 (2007).

Petitioner then filed a post-conviction motion for relief from judgment, which

was denied. People v. Tetreau, (Huron County Circuit Court, January 14, 2009).

The Michigan appellate courts denied petitioner leave to appeal. People v.

Tetreau, No. 295540 (Mich.Ct.App. January 27,2010); reconsideration den. No.

295540 (Mich.Ct.App. March 16, 2010); lv. den. 488 Mich. 870, 788 N.W.2d 429

(2010).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Officer violated defendants rights, not giving Miranda warnings, falsifying affidavit in obtaining search warrant, being negligent

throughout investigation.

II. Ineffective assistance of defense counsel.

III. Prosecutorial misconduct.

IV. Insufficient evidence.

V. Trial court did err in admission of evidence, failure to conduct fundamentally fair trial.

VI: Appellate counsel was ineffective, did not address rights violations in issues I, II, III, or V.

VII: Constitutional rights violated by cumulation of err [sic], within issues I, II, III, V and VI.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

3

Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 130 S.Ct. 1855, 1862 (2010)((quoting Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997); Woodford v. Viscotti, 537 U.S. 19, 24 (2002)(per curiam)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. ( citing

Lockyer v. Andrade, 538 U.S. 63, 75 (2003).  Furthermore, pursuant to §

2254(d), "a habeas court must determine what arguments or theories supported

or...could have supported, the state court's decision; and then it must ask

whether it is possible fairminded jurists could disagree that those arguments or

theories are inconsistent with the holding in a prior decision" of the Supreme

Court. Id.

    "[I]f this standard is difficult to meet, that is because it was meant to be."

Harrington, 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the

AEDPA, does not completely bar federal courts from relitigating claims that have

previously been rejected in the state courts, it preserves the authority for a

federal court to grant habeas relief only "in cases where there is no possibility

fairminded jurists could disagree that the state court's decision conflicts with" the

Supreme Court's precedents. Id.  Indeed, "Section 2254(d) reflects the view that

habeas corpus is a 'guard against extreme malfunctions in the state criminal

justice systems,' not a substitute for ordinary error correction through appeal." Id.

(citing Jackson v. Virginia, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J.,

concurring in judgment)).  Indeed, a "readiness to attribute error [to a state court]

is inconsistent with the presumption that state courts know and follow the law."

Woodford, 537 U.S. at 24.  Therefore, in order to obtain habeas relief in federal

court, a state prisoner is required to show that the state court's rejection of his

claim "was so lacking in justification that there was an error well understood and

5

comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S. Ct. at 786-87.

### III.  Discussion

**A. Claim # 1.  The suppression of evidence claim.**

Petitioner first alleges that the arresting officer falsified information to obtain the search warrant that was used to extract blood from petitioner in order to establish that petitioner's blood alcohol level was beyond the legal limit for operating a motor vehicle.  Petitioner contends that the blood sample should therefore have been suppressed as the fruit of an illegal search and seizure. Petitioner further alleges that his statements to the arresting officer should have been suppressed because they were taken without petitioner being advised of his Miranda warnings.

Petitioner is not entitled to habeas relief on his Fourth Amendment claim. A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. Stone v. Powell, 428 U.S. 465, 494-95 (1976); Machacek v. Hofbauer, 213 F. 3d 947, 952 (6th Cir. 2000).  For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. Riley v. Gray, 674 F. 2d 522, 526 (6th Cir. 1982).  The relevant inquiry is whether a

6

habeas petitioner had an opportunity to litigate his or her claims, not whether he or she in fact did so or even whether the Fourth Amendment claim was correctly decided. See <u>Wynne v. Renico</u>, 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); <u>rev'd on other grds</u> 606 F.3d 867 (6th Cir. 2010). Indeed, under <u>Stone</u>, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." See <u>Brown v. Berghuis</u>, 638 F. Supp. 2d 795, 812 (E.D. Mich. 2009). "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the <u>Stone v. Powell</u> bar.'" <u>Id</u>. (quoting <u>Gilmore v. Marks</u>, 799 F.2d 51, 57 (3rd Cir. 1986)). Thus, an argument by a habeas petitioner that is "directed solely at the correctness of the state court decision [on a Fourth Amendment claim] 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which <u>Stone v. Powell</u> makes irrelevant.'" <u>Brown</u>, 638 F. Supp. 2d at 812-13 (quoting <u>Siripongs v. Calderon</u>, 35 F. 3d 1308, 1321 (9th Cir.1994)).

In the present case, petitioner raised his Fourth Amendment claim in his post-conviction motion for relief from judgment before the state trial and appellate courts. Because petitioner was able to challenge the legality of the search warrant in his post-conviction motion, petitioner had a full and fair opportunity to raise this Fourth Amendment claim in the state courts. See

Villafuerte v. Stewart, 111 F. 3d 616, 627 (9th Cir. 1997).  Petitioner is not entitled to habeas relief on the first part of his first claim.

Petitioner next contends that his statement to Sergeant Hunt that he was the only one present at the accident scene should have been suppressed because Sergeant Hunt failed to advise petitioner of his Miranda warnings prior to petitioner making this statement.

Sergeant Hunt testified that he found petitioner lying on the ground, after petitioner crawled from his car after the vehicle had left the roadway and rolled. Sgt. Hunt attempted to move petitioner to his patrol vehicle in order to deal with any potential injuries.  Sergeant Hunt indicated that petitioner was not placed under arrest at this point.  Sergeant Hunt, concerned that there might be other persons in the area who had been ejected from the car and needed assistance, asked petitioner if there was any other persons that he needed to be concerned about.  Petitioner informed Sergeant Hunt that there was no one else Hunt needed to worry about. (Tr. 5/17/05, pp. 120-25; 131-133).

Petitioner is not entitled to habeas relief on his Miranda claim for two reasons.  First, there is no indication that Sergeant Hunt's question was intended to elicit an incriminating response from petitioner.

The special procedural safeguards outlined in Miranda are required not merely when a suspect is taken into custody, but instead where a suspect in custody is subjected to interrogation. Rhode Island v. Innis, 446 U.S. 291, 300

8

(1980).  "'Interrogation', as conceptualized in the Miranda opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself." Id. Miranda warnings are required whenever a person in custody is subject either to express questioning or its "functional equivalent." Rhode Island v. Innis, 446 U.S at 300-01.  Thus, for Miranda purposes, the term "interrogation" refers not only to express questioning of a suspect by law enforcement officials, but also to "any words or actions on the part of the police (*other than those normally attendant to [an] arrest or custody*) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Id. at 301 (emphasis added).

In the present case, Sergeant Hunt's question to petitioner about the presence of other persons at the accident scene was not the type of question that he should have known was reasonably likely to elicit an incriminating response from petitioner.  Sergeant Hunt's question did not amount to interrogation which required the giving of Miranda warnings, thus, petitioner's response to his question was admissible notwithstanding the absence of such warnings.

Petitioner's statement to the police was also admissible under the "public safety" exception to the Miranda rule, in which a police officer is not required to advise a person of his or her Miranda rights if the officer asks questions that are "reasonably prompted by a concern for the public safety." See New York v. Quarles, 467 U.S. 649, 656 (1984).

9

Sergeant Hunt found petitioner lying on the ground with injuries next to a car that had left the roadway and had rolled over.  Sergeant Hunt, concerned that there were other persons nearby who may have needed medical assistance, asked petitioner if there was anyone else that he needed to worry about. Because Sergeant Hunt's question to petitioner was based on a reasonable concern for the safety or health of other possible occupants of the car, it was not necessary for Sergeant Hunt to advise petitioner of his Miranda warnings, thus, petitioner's answer that he was alone was admissible at petitioner's trial. See State v. Garcia-Lorenzo, 110 N.C. App. 319, 326-27; 430 S.E. 2d 290, 294 (N.C. 1993).  Petitioner is not entitled to habeas relief on his first claim.

### B.  Claim # 3.  The prosecutorial misconduct claim.

For purposes of judicial clarity, the Court will next consider petitioner's prosecutorial misconduct claim.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." Millender v. Adams, 376 F.3d 520, 528 (6th Cir. 2004)(citing Bowling v. Parker, 344 F. 3d 487, 512 (6th Cir. 2003)).  A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986)(quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)).  Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render

the entire trial fundamentally unfair based on the totality of the circumstances. Donnelly v. DeChristoforo, 416 U.S. at 643-45. The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances surrounding each individual case." Angel v. Overberg, 682 F. 2d 605, 608 (6th Cir. 1982). The Court must focus on "'the fairness of the trial, not the culpability of the prosecutor.'" Pritchett v. Pitcher, 117 F. 3d 959, 964 (6th Cir. 1997)(quoting Serra v. Michigan Dep't of Corr., 4 F.3d 1348, 1355 (6th Cir. 1993)). Finally, "[t]he Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial misconduct claims because 'constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise.'" Slagle v. Bagley, 457 F. 3d 501, 516 (6th Cir. 2006)(quoting Donnelly, 416 U.S. at 645). Thus, in order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012)(quoting Harrington, 131 S. Ct., at 786–87). This is particularly so, "because the Darden standard is a very general one, leaving courts 'more leeway ... in reaching outcomes in case-by-case determinations[,]'". Id. (quoting Yarborough v. Alvarado, 541 U.S. at 664).

Petitioner initially claims that the prosecutor injected his own personal

11

knowledge or improperly testified when he stated in closing argument: "I know as a former defense attorney, defendants are not truthful, when I was a defense attorney defendants are untruthful, always are."  Petitioner quotes the assistant prosecuting attorney out of context.  The assistant prosecuting attorney actually stated:

> But what didn't Mr. Tetreau tell Sergeant Hunt at the scene?  He didn't tell him about Dave.  Dave, I submit to you, did not come up until the issue of drawing blood came into effect.  And then you ask yourself, well, you know, the stories change, what is the motivation?
>
> And—and I know as—as a former defense attorney, obviously there's always a motivation for a defendant to not be truthful.  Always is.  But what is the motivation of Sergeant Hunt to take the witness stand and testify to you that repeatedly Mr. Tetreau said I'm the only one, I'm the only one.

(Tr. 5/17/05, p. 283).

A prosecutor may not express a personal opinion concerning the guilt of a defendant or the credibility of trial witnesses, because such personal assurances of guilt or vouching for the veracity of witnesses by the prosecutor "exceeds the legitimate advocates' role by improperly inviting the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof." Caldwell v. Russell, 181 F. 3d 731, 737 (6th Cir. 1999)(internal citations omitted).  However, a prosecutor is free to argue that the jury should arrive at a particular conclusion based upon the record evidence. Id.  The test for improper vouching for a witness is whether the jury could reasonably believe that the prosecutor was indicating a personal belief in the witness' credibility. United

12

States v. Causey, 834 F. 2d 1277, 1283 (6th Cir. 1987). "[G]enerally, improper vouching involves either blunt comments, or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony." See United States v. Francis, 170 F. 3d 546, 550 (6th Cir. 1999)(internal citations omitted). It is worth noting that the Sixth Circuit has never granted habeas relief for improper vouching. See Byrd v. Collins, 209 F.3d 486, 537 and n. 43 (6th Cir. 2000). Even on direct appeal from a federal conviction, the Sixth Circuit has held that to constitute reversible error, a prosecutor's alleged misconduct of arguing his personal belief, in a witness' credibility or in a defendant's guilt, must be flagrant and not isolated. See United States v. Humphrey, 287 F. 3d 422, 433 (6th Cir. 2002).

When viewed in context, the assistant prosecuting attorney was not expressing a personal opinion as to petitioner's guilt or vouching but was arguing that Sergeant Hunt had no motivation for fabricating petitioner's statement.

Numerous cases have held that a prosecutor does not engage in vouching by arguing that his witnesses have no reason or motivation to lie, when such comments are based on the evidence and do not reflect a personal belief of the prosecutor. See United States v. Jackson, 473 F. 3d 660, 672 (6th Cir. 2007); U.S. v. Israel, 133 Fed. Appx. 159, 165 (6th Cir. 2005); U.S. v. Parker, 49 Fed. Appx. 558, 563 (6th Cir. 2002); Alder v. Burt, 240 F. Supp. 2d 651, 669 (E.D.

13

Mich. 2003).  It was thus proper for the assistant prosecutor to argue that Sergeant Hunt did not have a motivation to fabricate petitioner's statement that he was the only one present at the accident scene.  Accordingly, petitioner is not entitled to habeas relief on this prosecutorial misconduct claim.

Petitioner further contends that the prosecutor committed misconduct by introducing into evidence illegally obtained evidence.  Petitioner presumably is referring to his blood alcohol sample and his statement to Sergeant Hunt. Although petitioner has framed his claim as a prosecutorial-misconduct challenge, "it amounts in the end to a challenge to the trial court's decision to allow the introduction of this evidence." Webb v. Mitchell, 586 F.3d 383, 397 (6th Cir. 2009).  "A prosecutor may rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." Cristini v. McKee, 526 F.3d 888, 900 (6th Cir. 2008).  The trial court had ruled that the blood alcohol evidence and petitioner's statements were admissible, thus, the prosecutor did not engage in misconduct by introducing this evidence.  Petitioner is thus not entitled to habeas relief on his prosecutorial misconduct claims.

**C.  Claims # 2 and # 6.  The ineffective assistance of counsel claims.**

Petitioner next contends that he was deprived of the effective assistance of appellate and trial counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First,

14

the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. <u>Id.</u> In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. <u>Strickland</u>, 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. <u>Id.</u> To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. The <u>Strickland</u> standard applies as well to claims of ineffective assistance of appellate counsel. See <u>Whiting v. Burt</u>, 395 F. 3d 602, 617 (6th Cir. 2005). The Supreme Court's holding in <u>Strickland</u> places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. See <u>Wong v. Belmontes</u>, 130 S. Ct. 383, 390-91 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the <u>Strickland</u> standard 'was incorrect but whether that determination was unreasonable-a

15

substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009)(quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).  "The pivotal question is whether the state court's application of the Strickland standard was unreasonable.  This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington v. Richter, 131 S. Ct. at 785.  Indeed, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles, 556 U.S. at 123 (citing Yarborough v. Alvarado, 541 U.S. at 664). Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a Strickland claim brought by a habeas petitioner. Id.  This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself."Harrington, 131 S. Ct. at 785.  "Surmounting Strickland's high bar is never an easy task." Id. at 788 (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)).

Because of this doubly deferential standard, the Supreme Court has indicated that:

> Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 131 S. Ct. at 788.

16

In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did. Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011).

Finally, this Court is aware that "[R]eliance on 'the harsh light of hindsight' to cast doubt on a trial that took place" eight years ago and an appeal that took place over six years ago "is precisely what Strickland and AEDPA seek to prevent." Harrington v. Richter, 131 S. Ct. at 789.

In his second claim, petitioner first contends that his trial counsel was ineffective for failing to move for the suppression of his statement to Sergeant Hunt, on the ground that petitioner had not been advised of his Miranda rights prior to making the statement.

As discussed when addressing petitioner's first claim above, Sergeant Hunt's question to petitioner did not require the administration of Miranda warnings.  Because there was no reasonable probability that a motion to suppress based on an alleged Miranda violation would have succeeded in this case, petitioner was not denied effective assistance by his trial counsel's failure to move for the suppression of his statement on this basis. See Koras v. Robinson, 123 Fed. Appx. 207, 210-12 (6th Cir. 2005).

Petitioner next contends that trial counsel was ineffective in failing to challenge the legality of the search warrant used to obtain petitioner's blood,

17

claiming that it contained false information.  The affidavit used by Sergeant Hunt to obtain the search warrant indicated that petitioner "admitted that he was the operator" of the motor vehicle.  Petitioner claims that this information was false because he never actually admitted to driving the vehicle.  Although petitioner may not have expressly stated that he drove the car, he did tell Sergeant Hunt that he was the only person who had been in the car which was now involved in an accident.  A reasonable inference from petitioner's statement was that he was the person who had been driving the car.  Petitioner has not shown that the allegedly false statements in the search warrant affidavit were knowingly made with an intent to deceive the state court or recklessly made to establish probable cause, thus, trial counsel's failure to file a motion to suppress the evidence on this basis did not constitute ineffective assistance of counsel. See Salter v. Johnson, 579 F.2d 1007, 1009 (6th Cir. 1978).

Petitioner next contends that trial counsel was ineffective for failing to object to the admissibility of the blood test result on the ground that the blood was not drawn by the nurse in compliance with Michigan laws and regulations concerning the taking of blood from a drunk driving suspect.  Petitioner's claim is without merit.  Petitioner's counsel explored the issue of the propriety of the blood test and objected to the admission of the test result based on the fact that the nurse had used an alcohol based antiseptic swab on petitioner prior to extracting his blood. (Tr. 2/7/05).  Because counsel did, in fact, object to the

18

admission of petitioner's blood test result on this basis, this portion of petitioner's ineffective assistance of counsel claim is without merit. See e.g. Durr v. Mitchell, 487 F. 3d 423, 440 (6th Cir. 2007).

Petitioner next contends that trial counsel was ineffective for failing to object to prosecutorial misconduct. To show prejudice under Strickland for failing to object to prosecutorial misconduct, a habeas petitioner must show that but for the alleged error of his trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the proceeding would have been different. Hinkle v. Randle, 271 F. 3d 239, 245 (6th Cir. 2001). This Court has already determined that the prosecutor did not commit misconduct in this case. Because the prosecutor's questions and remarks did not deprive petitioner of a fundamentally fair trial, petitioner is unable to establish that he was prejudiced by counsel's failure to object to the remarks. Slagle, 457 F. 3d at 528.

In his sixth claim, petitioner contends that his appellate counsel was ineffective for failing to raise his first through third and his fifth claims on his direct appeal.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. Evitts v. Lucey, 469 U.S. 387, 396-397 (1985). It is well-established, however, that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous

19

issue on appeal. See <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983).

Petitioner's first through third and his fifth claims are meritless. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" <u>Shaneberger v. Jones</u>, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting <u>Greer v. Mitchell</u>, 264 F.3d 663, 676 (6th Cir. 2001)).  Petitioner has therefore failed to show that appellate counsel was ineffective for failing to raise these claims on his appeal of right.  Petitioner is not entitled to habeas relief on his sixth claim.

### D.  Claim # 4.  The sufficiency of evidence claim.

Petitioner next contends that there was insufficient evidence to establish that he was driving the car that was involved in the crash on the night in question, so as to sustain his conviction for operating under the influence of liquor, third-offense.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." <u>In Re Winship</u>, 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 318 (1979).  This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established

20

guilt beyond a reasonable doubt."  Instead, the relevant question is whether,
after viewing the evidence in the light most favorable to the prosecution, *any*
rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt. Id. at 318-19(internal citation and footnote
omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court
decision that rejects a sufficiency of the evidence claim simply because the
federal court disagrees with the state court's resolution of that claim.  Instead, a
federal court may grant habeas relief only if the state court decision was an
objectively unreasonable application of the Jackson standard. See Cavazos v.
Smith, 132 S. Ct. 2, 4 (2011).  "Because rational people can sometimes
disagree, the inevitable consequence of this settled law is that judges will
sometimes encounter convictions that they believe to be mistaken, but that they
must nonetheless uphold." Id.  Indeed, for a federal habeas court reviewing a
state court conviction, "the only question under Jackson is whether that finding
was so insupportable as to fall below the threshold of bare rationality." Coleman
v. Johnson, 132 S.Ct. 2060, 2065 (2012).

On habeas review, a federal court does not reweigh the evidence or
redetermine the credibility of the witnesses whose demeanor was observed at
trial. Marshall v. Lonberger, 459 U.S. 422, 434 (1983). It is the province of the
factfinder to weigh the probative value of the evidence and resolve any conflicts

in testimony. <u>Neal v. Morris</u>, 972 F.2d 675, 679 (6th Cir. 1992).  A habeas court must defer to the fact finder for its assessment of the credibility of witnesses. <u>Matthews v. Abramajtys</u>, 319 F.3d 780, 788 (6th Cir. 2003). The Court does not apply the reasonable doubt standard when determining the sufficiency of evidence on habeas review. <u>Walker v. Russell</u>, 57 F.3d 472, 475 (6th Cir. 1995). Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence at trial to exclude every reasonable hypothesis except that of guilt. <u>Johnson v. Coyle</u>, 200 F. 3d 987, 992 (6th Cir. 2000)(internal quotations omitted).

In the present case, as the Michigan Court of Appeals indicated in rejecting petitioner's claim, <u>Tetreau</u>, Slip. Op. at * 1-2, there was sufficient evidence for a rational trier of fact to conclude that petitioner had been driving the motor vehicle.  Sergeant Hunt discovered petitioner laying in the woods nearby his ex-wife's car, which had just been involved in an accident.  Sergeant Hunt could not find anyone else near the car.  Petitioner told Sergeant Hunt that he was the only person there.  Circumstantial evidence can be used to prove that a defendant was the driver of a motor vehicle, so as to sustain a conviction for drunk driving. See e.g. <u>People v. Solmonson</u>, 261 Mich.App. 657, 662; 683 N.W.2d 761 (2004); See also <u>U.S. v. Wilmer</u>, 799 F. 2d 495, 502 (9th Cir. 1986). The circumstantial evidence here established that petitioner was the driver of the car.  Although petitioner subsequently told Sergeant Hunt at the hospital that a

22

man named "Dave" was the driver, petitioner did not know this man's last name or where he lived.  The jury was free to reject the credibility of petitioner's claim that another person had driven his ex-wife's car.  Petitioner is not entitled to habeas relief on his fourth claim.

### E.  Claim # 5.  The judicial bias claim.

In his fifth claim, petitioner claims that the judge was biased against him.

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case. See Bracy v. Gramley, 520 U.S. 899, 904-05 (1997).  However, to state a claim that a judge is biased, a defendant must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias. United States v. Lowe, 106 F. 3d 1498, 1504 (6th Cir. 1997).  "Under this standard, '[o]nly in the most extreme of cases would disqualification on the basis of bias and prejudice be constitutionally required.'" Getsy v. Mitchell, 495 F.3d 295, 311 (6th Cir.2007)(quoting Williams v. Anderson, 460 F.3d 789, 814 (6th Cir.2006)).  The Supreme Court has ruled that "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish judicial bias. Liteky v. United States, 510 U.S. 540, 555-56 (1994).  "A judge's ordinary efforts at courtroom administration-even a stern and short-tempered judge's ordinary efforts at courtroom administration-remain immune." Id.  A judge is required to recuse himself or herself only where he has actual bias or "a predisposition 'so

23

extreme as to display clear inability to render fair judgment.'" <u>Johnson v. Bagley</u>, 544 F. 3d 592, 597 (6th Cir. 2008)(quoting <u>Liteky</u>, 510 U.S. at 551).  In reviewing a judicial bias claim, a federal habeas court should employ the initial presumption that the assigned trial judge properly discharged his or her official duties. See <u>Johnson v. Warren</u>, 344 F. Supp. 2d 1081, 1093 (E.D. Mich. 2004).

In the present case, petitioner has pointed to no evidence that establishes that the trial judge was biased against him.  Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. See e.g., <u>Washington v. Renico</u>, 455 F. 3d 722, 733 (6th Cir. 2006).  Adverse rulings are not themselves sufficient to establish bias or prejudice which will disqualify a judge. See <u>Hence v. Smith</u>, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999); See also <u>Vliet v. Renico</u>, 193 F. Supp. 2d 1010, 1016 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on his fifth claim.

**F.  Claim # 7. Cumulative error.**

Petitioner lastly contends that he is entitled to habeas relief because of cumulative error.

The cumulative weight of alleged constitutional trial errors in a state prosecution does not warrant federal habeas relief, because there is no clearly established federal law permitting or requiring the cumulation of distinct constitutional claims to grant habeas relief. <u>Moore v. Parker</u>, 425 F. 3d 250, 256 (6th Cir. 2005).  Therefore, petitioner is therefore not entitled to habeas relief on

24

the grounds of cumulative error. Id.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [1] 28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. at 327.  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-37.

For the reasons stated in this opinion, the Court will deny petitioner a

---

[1]  Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. See Millender v. Adams, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. See Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed in forma pauperis on appeal. Id.

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to

appeal <u>in forma pauperis</u>

<u>s/Marianne O. Battani</u>
**HONORABLE MARIANNE O. BATTANI**
**Dated: <u>May 16, 2013</u>**      **UNITED STATES DISTRICT JUDGE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the above date a copy of this Order was served upon the petitioner via ordinary U.S. Mail, and Counsel for the respondent, electronically.

<u>s/Bernadette M. Thebolt</u>
Case Manager

27